BILL LOCKYER Attorney General ANTHONY S. DA VIGO Deputy Attorney General
GREG WILLIS and JEFFREY H. GREENWALD have requested this office to grant leave to sue in quo warranto upon the following question:
Did Alameda County Superior Court Commissioner Sue Alexander fail to file an oath of office with the County Clerk, County of Alameda, within the time prescribed by law, so as to create a vacancy in her office of Alameda County Superior Court Commissioner?
 CONCLUSION
Alameda County Superior Court Commissioner Sue Alexander did not fail to file an oath of office with the County Clerk, County of Alameda, within the time prescribed by law, so as to create a vacancy in her office of Alameda County Superior Court Commissioner.
 ANALYSIS
Greg Willis and Jefferey H. Greenwald ("Relators") contend that Sue Alexander ("Defendant") is unlawfully holding and exercising the privileges of office as an Alameda County Superior Court Commissioner. On October 20, 1997, Defendant was appointed to the office of Deputy County Clerk by Ronald G. Overbolt, Clerk of the Administratively Consolidated Trial Courts, County of Alameda, and took and subscribed the oath of office. The oath of office is on file with the Clerk-Recorder of the County of Alameda. On October 20, 1997, Defendant was appointed to the office of Commissioner for the Superior Court of the State of California, County of Alameda, and took and subscribed the oath of office before the Honorable Ronald M. Sabraw, Judge of the Superior Court of the State of California for the County of Alameda. On January 30, 1998, Defendant again took and subscribed the oath of office of Commissioner for the Superior Court of the State of California, County of Alameda, before the Honorable Philip V. Sarkisian, Presiding Judge of the Superior Court of the State of California for the County of Alameda. Relators have failed to locate any record of Defendant's oaths of office in the office of the County Clerk, County of Alameda.
In deciding whether to grant leave to sue in the name of the People of the State of California in a quo warranto action, we consider initially whether there exists a substantial question of law or fact that requires judicial resolution, and if so, whether the proposed action would serve the overall public interest. (81 Ops.Cal.Atty.Gen. 98, 100 (1998).)
Relators contend that Defendant has failed to file her oath of office with the county clerk "within the time prescribed by law," causing her office as court commissioner to become vacant. The contention is predicated exclusively upon the provisions of Government Code section1770, subdivision (i),[1] which specify:
 "An office becomes vacant on the happening of any of the following events before the expiration of the term:
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(i) His or her refusal or neglect to file his or her required oath or bond within the time prescribed.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
Relators allege that the office in question became vacant "since about October 20, 1997," i.e., the date on which Defendant assumed office.
Section 3 of article XX of the Constitution provides:
 "Members of the Legislature, and all public officers and employees, executive, legislative, and judicial, except such inferior officers and employees as may be by law exempted, shall, before they enter upon the duties of their respective offices, take and subscribe the following oath or affirmation:
 "`I,_________________________, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States and the Constitution of the State of California against all enemies, foreign and domestic; that I will bear true faith and allegiance to the Constitution of the United States and the Constitution of the State of California; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties upon which I am about to enter.
 "`And I do further swear (or affirm) that I do not advocate, nor am I a member of any party or organization, political or otherwise, that now advocates the overthrow of the Government of the United States or the State of California by force or violence or other unlawful means; that within the five years immediately preceding the taking or this oath (or affirmation) I have not been a member of any party or organization, political or otherwise, that advocates the overthrow of the Government of the United States or of the State of California by force or violence or other unlawful means except as follows: ___________________________________________ ___________________ (If no affiliations, write in the words "No Exceptions") and that during such time as I hold the office of ______________ I will not (name of office) advocate nor become a member of any party or organization, political or otherwise, that advocates the overthrow of the Government of the United States or of the State of California by force or violence or other unlawful means.'
 "And no other oath, declaration, or test, shall be required as the qualification for any public office or employment.
 "`Public officer and employee' includes every officer and employee of the State, including the University of California, every county, city, city and county, district, and authority, including any department, division, bureau, board, commission, agency, or instrumentality of any of the foregoing."[2]
Section 1192 implements this constitutional provision with respect to deputies and other subordinate officers:
 "When not otherwise provided for, within 10 days after receiving notice of their appointment, deputies and other subordinate officers shall take and file an oath in the manner required of their principals."
Section 1360 provides:
 "Unless otherwise provided, before any officer enters on the duties of his office, he shall take and subscribe the oath or affirmation set forth in Section 3 of Article XX of the Constitution of California."
Subdivision (a) of section 1363 additionally states:
 "Unless otherwise provided, every oath of office certified by the officer before whom it was taken shall be filed within the time required as follows:
 "(1) The oath of all officers whose authority is not limited to any particular county, in the office of the Secretary of State.
 "(2) The oath of all officers elected or appointed for any county, and, except as provided in paragraph (4), of all officers whose duties are local, or whose residence in any particular county is prescribed by law, in the office of the county clerk of their respective counties.
 "(3) Each judge of a superior court, the county clerk, the executive officer or court administrator of the superior court, and the recorder, shall file a copy of his or her official oath, signed with his or her own proper signature, in the office of the Secretary of State as soon as he or she has taken and subscribed his or her oath.
 "(4) The oath of all officers for any independent special district, as defined in Section 56044, in the office of the clerk or secretary of that district."
With respect to disaster service workers, defined to include "all persons employed by the state or any county, city, city and county, state agency or public district," section 3102 states:
 "All disaster service workers shall, before they enter upon the duties of their employment, take and subscribed to the oath or affirmation required by this chapter. . . ."
Section 3105 specifies where the oath of office of a disaster service worker is to be filed:
 "The oath or affirmation of any disaster service worker of the state shall be filed as prescribed by State Personnel Board rule within 30 days of the date on which it is taken and subscribed.
 "The oath or affirmation of any disaster service worker of any county shall be filed in the office of the county clerk of the county except that where election precinct officers take and subscribe to such oath or affirmation which is an integral part of a claim for compensation, such oath and claim for compensation may be filed in either the office of the county auditor or in the office of the clerk of the board of supervisors of the county.
 "The oath or affirmation of any disaster service worker of any city shall be filed in the office of the city clerk of the city.
 "The oath or affirmation of any disaster service worker of any other agency or district, shall be filed with such officer or employee of the agency or district as may be designated by such agency or district."
Finally, with respect to state employees, section 18151 provides:
 "The oath required by this chapter shall be taken and subscribed by:
 "(a) Every person who is appointed to a State position not in the State civil service and not otherwise so required by law, within 30 days of the date of appointment; and
 "(b) Every person who has not previously taken and subscribed the oath and who is employed in a permanent position in the State civil service where the employment continues for 30 days or more, within the first 30 days of his employment."
Section 18152 specifies with respect to those state employees who are not members of the state civil service:
 "The method and manner of taking, subscribing, and filing the oath by a person appointed to a State position not in the State civil service shall be as provided in [sections 1360-1369]."
It is the same oath of office, the first paragraph of the constitutional provision, that is taken whether pursuant to the terms of sections 1192, 1360, 3102, or 18151. (See §§1192, 1360, 3103, 18150.) This was the oath of office taken and subscribed to by Defendant on October 20, 1997, and again on January 30, 1998. One of the oaths taken on October 20, 1997, is currently on file in the office of the Clerk-Recorder of the County of Alameda. Copies of the other two oaths of office are on file in the office of Defendant. Of course, the fact that Relators have not located any of Defendant's oaths of office in the county clerk's office does not establish that Defendant's oath of office was not filed in the appropriate office at the appropriate time. Was Defendant's oath of office required to be filed, and if so, where and when? If Defendant is considered a "subordinate officer" for purposes of section 1192, her oath of office is to be filed "in the manner required of [her] principals." Superior court commissioners are subordinate judicial officers who serve at the pleasure of the appointing court. (Cal. Const., art. VI, § 22; § 70142.) Assuming superior court judges are her "principals," her oath of office as a commissioner is to be filed "in the office of the Secretary of State as soon as he or she has taken and subscribed his or her oath of office." (§ 1363, subd. (a)(3).)
If Defendant is considered an "officer" for purposes of section1360 who is "appointed for any county" (§ 1363, subd. (a)(2)), her oath of office is to be filed in the office of the county clerk but need not be filed within a particular period of time since such requirement was repealed in 1953. Prior to its repeal in 1953 (Stats. 1953, ch. 1250, § 9), former section 1361 provided:
 "Whenever a different time is not prescribed by law, the oath of office shall be taken, subscribed, and filed:
 "(a) Before the commencement of the term of office when an officer receives a certification or commission of his election or appointment, or
 "(b) Before the expiration of fifteen days from the commencement of his term of office, when no certificate or commission has been received." (Stats. 1949, ch. 945, § 1.)
At the same time that former section 1361 was repealed, the Legislature enacted section 1367 (Stats. 1953, ch. 1250, § 6) to provide as follows:
 "No compensation nor reimbursement for expenses incurred shall be paid to any officer by any public agency unless he has taken and subscribed to the oath or affirmation required by this chapter."
By memorandum dated June 15, 1953, the State Personnel Board observed that "Section 1367 is being added to provide that public officers must take the required oath before receiving compensation or reimbursement for expenses" and then explained with respect to the repeal of section 1361:
 "Section 1361 is proposed for repeal. This section referring to the time within which the oath must be taken is no longer necessary. . . ."
If Defendant is considered a "disaster service worker of the state" for purposes of section 3105, her oath of office is to be filed within 30 days of execution "as prescribed by State Personnel Board rule." On the other hand, if Defendant is considered a "disaster service worker of any county," her oath of office is to "be filed in the office of the county clerk of the county" with no time limit specified.
Finally, if Defendant is considered a "person who is appointed to a State position not in the State civil service" for purposes of section18151, her oath of office is to be filed "within 30 days of the date of the appointment" in the office of the county clerk. (§§1363, 18152.)
We believe it is unnecessary to definitively decide whether Defendant took, subscribed, and filed her oath of office as an officer of the state, an officer of Alameda County, a subordinate officer, or a disaster service worker. (See 74 Ops.Cal.Atty.Gen. 190, 192-193 (1991); 70 Ops.Cal.Atty.Gen. 227, 229 (1987) [court commissioner may be considered an officer of the state or of a county depending upon the particular circumstances and purposes].) It is sufficient that Defendant's oath of office was taken before she began serving in office and is currently on file in the office of the Clerk-Recorder of Alameda County. In 22 Ops.Cal.Atty.Gen. 79 (1953), we concluded that an oath of office need not be repeated due to a change of class or position unless the office had a fixed term or there was a break in service. We observed:
 "The Constitution says that the oath shall be taken by public officers and employees `before they enter upon the duties of their respective offices.' From its context the word `offices' is obviously used in its non-technical sense. It includes not only offices technically classed as such, but public employment generally. It refers not so much to individual positions, with their varying characteristics as offices or employments, as it does to the public status of the taker of the oath. Certainly the Constitution intends that the oath be taken at the inception of the person' public status, but it does not necessarily demand that the oath be taken anew with each shift of position in the service of a single public employer." (Id., at p. 80.)
We find no substantial question of law or fact contained in Relators' application papers. Their cursory allegations are insufficient to require judicial resolution of the question whether Defendant refused or neglected to file her oath of office within the time prescribed. In light of the long held principle that any ambiguity in a provision calling for the forfeiture of an existing office, and disqualification from holding public office, should be resolved in favor of continued eligibility (Helena Rubenstein Internat. v. Younger (1977) 71 Cal.App.3d 406, 418; 79 Ops.Cal.Atty.Gen. 243, 247-248 (1996)), the application herein for leave to sue in quo warranto is DENIED.
[1] Undesignated section numbers hereinafter are to the Government Code.
[2] The second paragraph of the oath required by the Constitution was ruled invalid by the Supreme Court in Vogel v. County of Los Angeles (1967) 68 Cal.2d 18, 26.